UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| K.N.C. AGRO LIMITED, | ) | CV 19-1780-RSWL-AS |
| Plaintiff, | ) | |
| | ) | **ORDER re: Plaintiff's Motion for Default Judgment** [24] |
| v. | ) | |
| | ) | |
| DEL REY MEAT AND SEAFOOD, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff K.N.C. Agro Limited ("Plaintiff") brings this Action for breach of contract, unjust enrichment, and Action for Price under California Commercial Code § 2709 against Defendant Del Rey Meat and Seafood, Inc. ("Defendant").  Currently before the Court is Plaintiff's Motion for Default Judgment against Defendant [24] ("Motion").  Having reviewed all papers submitted pertaining to this Application, the Court **NOW**

**FINDS AND RULES AS FOLLOWS**: the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

### A. Factual Background

Plaintiff is an importer and seller of food products. Compl. ¶ 4, ECF No. 1. Defendant is a food supplier. Id. ¶ 2. On or about November 11, 2017, Defendant ordered from Plaintiff 1,500 cartons of size 16/20 vannamei white shrimp (the "First Order"). Aff. of Kaiser Ahmed in Supp. of Pl.'s Motion for Default J. ("Ahmed Aff.") ¶ 8, ECF No. 24-1. The First Order was documented in invoice number KNC/C/203 17-18 ("Invoice 203"). Id. Defendant signed and approved Invoice 203, which required Defendant to pay $169,449.60 for the First Order. Id. ¶¶ 8-9. Defendant received and accepted the First Order, but did not pay any of the money it owed under Invoice 203. Id. ¶ 9. Similarly, on or about January 25, 2018, Defendant placed an order for 1,500 size 26/30 vannamei white shrimp (the "Second Order"). Id. ¶ 10. In conjunction with this order, Defendant signed and approved invoice number KNC/C/238 17-18 ("Invoice 238"). Compl. ¶ 13. Defendant received and accepted the Second Order, but did not pay the $139,320 it owed under Invoice 238. Id. ¶ 11.

Then, on or about January 25, 2018, Defendant entered into two additional contracts with Plaintiff. First, Defendant ordered 1,500 cartons of size 16/20 vannamei white shrimp (the "Third Order"), documented

in signed and approved invoice KNC/C/239 17-18 ("Invoice 239"). Id. ¶ 14. Second, Defendant ordered 1,500 cartons of size 26/30 vannamei white shrimp (the "Fourth Order"), documented in signed and approved invoice KNC/C/240 17-18 ("Invoice 240"). Id. ¶ 15. Under Invoices 239 and 240 (collectively, the "Rejected Orders"), Defendant was required to pay $304,920. Id. ¶ 16. Defendant rejected the Third Order and the Fourth Order while the shipments were in route to Defendant. Compl. ¶ 22. Following these rejections, Plaintiff resold the good to three other companies, but ultimately suffered a loss of $29,952 on the sale price. Id. ¶ 17. Plaintiff also incurred additional storage and shipping costs, resulting in a total loss of $38,190.07 associated with the Rejected Orders. Id.

B. **Procedural Background**

Plaintiff filed its Complaint [1] on March 11, 2019. Plaintiff filed an *ex parte* Application for Order to Serve Defendant through the California Secretary of State [15] on April 18, 2019, which the Court granted [16] on April 24, 2019. Plaintiff executed service [17] on April 29, 2019. The Clerk of Court entered Default [19] against Del Rey Meat and Seafood on June 12, 2019. Plaintiff then filed the instant Motion for Default Judgment [24] on July 30, 2019.

///

///

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant default judgment. Pursuant to Local Rule 55-1, the party moving for default judgment must submit a declaration establishing: (1) when and against which party default was entered; (2) on which pleading default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) proper service. Upon default, all factual allegations in the complaint, except those relating to damages, are assumed to be true. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion to grant default judgment, the court must consider the following factors (the "Eitel factors"): (1) possibility of prejudice to the plaintiff, (2) merits of the substantive claim, (3) sufficiency of the complaint, (4) sum of money at stake, (5) possibility of disputes regarding material facts, (6) whether excusable neglect caused the default, and (7) the strong policy favoring decisions on the merits. NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). Additionally, if the defaulting party failed to plead or otherwise

defend, the court must determine that it has subject matter and personal jurisdiction. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). When default judgment is granted, the relief awarded "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**B. Discussion**

1. Jurisdiction and Service of Process

In considering whether to enter default judgment, the Court must first determine whether it has jurisdiction over the subject matter and the parties to the case. In re Tuli, 172 F.3d at 712. The Court has subject matter jurisdiction over the present matter under 28 U.S.C. § 1332. First, there is complete diversity between Plaintiff, a foreign corporation with its principal place of business in India, and Defendant, a California corporation with its principal place of business in California. Compl. ¶¶ 1-2. Further, Plaintiff's Complaint alleges losses of $346,959.67, thus meeting the jurisdictional minimum. Compl. ¶¶ 7, 14, 29.

The Court also has personal jurisdiction over Defendant as it is at home in California. Compl. ¶ 2. Finally, Defendant was properly served by service through the California Secretary of State [17].[1]

---

[1] As noted, this Court granted [16] Plaintiff's Application for Order to Serve Defendant through the California Secretary of State [15]. Additionally, while Plaintiff did not properly

5

2. Local Rule 55-1

Plaintiff has satisfied the procedural requirements for default judgment under Local Rule 55-1. The Court Clerk properly entered default against Defendant as to the Complaint on June 12, 2019. ECF No. 19. Plaintiff properly moved pursuant to Rule 55(b) for entry of default judgment. Defendant is not an infant, incompetent person, or exempted under the Servicemembers Civil Relief Act. Id. ¶ 5. Finally, Defendant was served with notice of this Motion on July 30, 2019. See Proof of Service, ECF No. 24-8.

3. *Eitel* Factors

Here, the Eitel factors favor granting default judgment.

    a. *Factor 1: Prejudice to Plaintiff*

A court must first consider whether a plaintiff will suffer prejudice if default judgment is not entered. See Eitel, 782 F.2d at 1471 (citation omitted). Without default judgment, Plaintiff will likely have no recourse for recovery or otherwise be able to obtain relief in this matter. See Landstar Ranger, Inc. v. Parth Enters., 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010); PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Thus, this factor weighs in favor of default judgment.

---

include in its Motion that service was proper, the Court, in its discretion and knowing service was proper, will proceed with the merits.

          b.   *Factors 2 & 3: Sufficiency of the Complaint and Merits of the Claim*

The second and third <u>Eitel</u> factors call for an analysis of the causes of action. See <u>Eitel</u>, 782 F.2d at 1471 (citation omitted). Here, while Plaintiff's unjust enrichment claim fails, Plaintiff's breach of contract and Action for Price claims are sufficiently stated and meritorious. As such, the second and third <u>Eitel</u> factors favor default judgment as to these claims.

          i.   *Breach of Contract*

To succeed on a claim for breach of contract under California law, a plaintiff must establish (1) a valid contract, (2) performance by plaintiff or an excuse for non-performance, (3) breach by the defendant, and (4) damages. See <u>Great American Insurance Co. v. MIVCO Packing Co.</u>, LLC, No. 08-05454, 2009 WL 942390, *6 (N.D. Cal. April 6, 2009) (citing <u>Amelco Electric v. City of Thousand Oaks</u>, 38 P.3d 1120, 1129-30 (Cal. 2002)).

Plaintiff adequately alleges all elements of breach of contract. The Complaint alleges that the parties entered into four separate valid, binding agreements for the sale and purchase of seafood: The First Order, the Second Order, the Third Order, and the Fourth Order. Compl. Exs. B-E. Plaintiff fully performed its obligations under the First and Second Order, having exported and obtained FDA clearance for the goods which

were then received and accepted by Defendant.  Compl. ¶¶ 33-34.  Defendant allegedly breached the First and Second Orders by failing to pay for the goods once they had been accepted.  Id. ¶ 35.

With respect to the Rejected Orders, Plaintiff shipped the goods in an attempt to fully perform, but the goods were rejected by Defendant while they were in route.  Id. ¶ 36.  The Uniform Commercial Code allows a buyer to rightfully reject goods if the "goods or the tender of delivery fail in any respect to conform to the contract."  U.C.C. § 2-601.  When a buyer wrongfully rejects goods, the rejection is a breach of the contract, and the aggrieved seller may "resell [the goods] and recover damages . . . ."  Id. § 2-703.  Here, Defendant's rejection of the Third and Fourth Orders was wrongful because neither the goods nor tender of delivery were nonconforming in any way.  See Compl. ¶ 36.

As a result of the breaches, Plaintiff alleges damages in the amount of $346,959.67.  Ahmed Aff. ¶ 6. Accepting these factual allegations as true, which the Court must do in deciding a motion for default judgment, Plaintiff has sufficiently stated a claim for breach of its four contracts with Defendant.

### ii. *Unjust Enrichment*

Generally, California law does not permit a standalone cause of action for unjust enrichment. Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762

(9th Cir. 2015) (citing <u>Durell v. Sharp Healthcare</u>, 108 Cal. Rptr. 3d 682, 699 (2010)). When a plaintiff alleges unjust enrichment, a court may construe the action as a quasi-contract claim for restitution. <u>Astiana</u>, 783 F.3d at 762 (citing <u>Rutherford Holdings, LLC v. Plaza Del Rey</u>, 166 Cal. Rptr. 3d 864, 872 (2014)). However, a claim for unjust enrichment must fail if the parties are bound by an enforceable express contract. <u>Sutra Beauty, Inc v. Duran</u>, No. 218CV03768ODWSSX, 2019 WL 688201, at *3 (C.D. Cal. Feb. 15, 2019) (citing <u>Durell</u>, 108 Cal. Rptr. 3d at 699).

Here, Plaintiff cannot prevail on its cause of action for unjust enrichment because the parties entered into express agreements that cover the subject matter of this Action. Plaintiff's unjust enrichment claim is based on Defendant's failure to pay for the goods it received under the First and Second Orders. These agreements sufficiently define the rights of the Parties and are enforceable. Accordingly, Plaintiff's unjust enrichment claim fails as a matter of law, and the Court **DENIES** Plaintiff's Motion as to this claim.

### iii. *Action for Price*

Under the California Commercial Code, when a buyer fails to pay for accepted goods, the seller may recover the agreed-upon price of those goods. Cal. Com. Code § 2709. In order to satisfy a claim under this section, a seller must prove: "(1) the acceptance of the goods by the buyer, (2) the price of the goods accepted, (3)

the past due date of the price, and (4) the failure of the buyer to pay." <u>Zhongshan Hengfu Furniture Co., Ltd. v. Home Accents All., Inc.</u>, No. EDCV1400038VAPDTBX, 2014 WL 12561625, at *4 (C.D. Cal. Oct. 20, 2014). Goods have been accepted when a buyer, (a) after a reasonably opportunity to inspect, does not notify the seller that the goods are nonconforming or that he will take them in spite of nonconformity; (b) fails to make an effective rejection after reasonable time for inspection; or (c) does any act inconsistent with the seller's ownership. Cal. Com. Code § 2606.

Here, Plaintiff has sufficiently stated an Action for Price under the California Commercial Code. Plaintiff has alleged that Defendant received and accepted the goods under the First and Second Orders. Compl. ¶¶ 11, 17. Per Invoices 203 and 238, Defendant owes Plaintiff $169,449.60 for the First Order and $139,320.00 for the Second Order. <u>Id.</u> ¶¶ 7, 14. Defendant has not made any payments to Plaintiff for the Orders. <u>Id.</u> ¶¶ 11, 17. As such, Plaintiff has successfully established an Action for Price under Cal. Com. Code § 2709.

Given that Plaintiff has adequately stated claims for breach of contract and Action for Price under Cal. Com. Code § 2709, the second and third Eitel factors favor default judgment on these claims.[2]

---

[2] As noted, Plaintiff's unjust enrichment claim is barred as a matter of law. Accordingly, further analysis of the <u>Eitel</u> factors will only be as to Plaintiff's claims for breach of contract and Action for Price.

    c. *Factor 4: Money at Stake*

The fourth Eitel factor considers "the amount of money at stake in relation to the seriousness of [the[d]efendant's conduct." Pepsico, 238 F.Supp.2d at 1176; see also Eitel, 782 F.2d at 1471-72.

Plaintiff seeks to recover $308,769.60 in unpaid invoices for the First and Second orders, Compl. ¶¶ 7, 14, as well as $38,190.07 in losses and incidental costs related to the rejection of the Third and Fourth orders, Compl. ¶ 29. Plaintiff has provided adequate evidence in the form of documentation and an affidavit to support its claim for total harm in the amount of $346,959.67. Accordingly, the money sought by Plaintiff is proportionate to the harm caused by Defendant, and this factor weighs in favor of granting default judgment.

    d. *Factor 5: Dispute of Material Fact*

The fifth <u>Eitel</u> factor is the likelihood of a dispute as to material facts. <u>Eitel</u>, 782 F.2d at 1471-72 (citation omitted). To date, Defendant has failed to appear or otherwise challenge this Action. Since Plaintiff's factual allegations are presumed true in this context and Defendant failed to move to assert a claim or otherwise answer, no factual dispute exists that would preclude the entry of default judgment. Thus, this factor weighs in favor of default judgment.

    e. *Factor 6: Excusable Neglect*

Next, courts consider whether the default was due

to some excusable neglect. <u>Eitel</u>, 782 F.2d at 1472 (citation omitted). "When there is no indication that the default did arise from excusable neglect, this factor will weigh in favor of default judgment." <u>Teamsters Multi-Benefit Tr. Fund v. California Offset Printers, Inc.</u>, No. 218CV08996ABRAOX, 2019 WL 3249605, at *3 (C.D. Cal. May 1, 2019) (citation omitted). The Defendant here was properly served with the Complaint on April 29, 2019 and Plaintiff served this Motion on July 30, 2019. Nevertheless, Defendant has not appeared in this Action and has failed to offer any explanation for its default. Accordingly, this factor weighs in favor of granting default judgment.

        f.   *Factor 7: Public Policy*

The seventh <u>Eitel</u> factor considers the strong policy favoring rulings on the merits. <u>Eitel</u>, 782 F.2d at 1472 (citation omitted). Notwithstanding such policy, default judgment is appropriate "[w]here the [d]efendant's failure to appear makes decision on the merits impossible . . . ." <u>Warner Bros. Home Entm't v. Slaughter</u>, No. CV 13-0892-DOC RNBX, 2013 WL 5890682, at *4 (C.D. Cal. Oct. 30, 2013) (citing <u>Craigslist, Inc. v. Naturemarket, Inc.</u>, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010)). As a result—and because all other <u>Eitel</u> factors favor default judgment—the Court **GRANTS** Plaintiff's Motion as to Plaintiff's breach of contract and Action for Price claims.

///

4. <u>Relief</u>

In seeking default judgment, "Plaintiff is required to prove all damages sought in the [C]omplaint." <u>Philip Morris USA Inc. v. Castworld Prods.</u>, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Here, the court finds ample evidence that Plaintiff sustained monetary damages in the amount of $346,959.67. Plaintiff is also eligible to obtain costs, to be determined by the Clerk.[3]

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Default Judgment against Defendant Del Rey Meat and Seafood, Inc. and awards Plaintiff $346,959.67 in damages. The Court also awards Plaintiff costs. The Court **DENIES** Plaintiff's Motion as to Plaintiff's unjust enrichment claim.

**IT IS SO ORDERED.**

DATED: October 10, 2019          /s/ RONALD S.W.LEW
                                 
                                 **HONORABLE RONALD S.W. LEW**
                                 Senior U.S. District Judge

---

[3] In its Motion, Plaintiff requested $1,764.32 in costs. As the prevailing Party, Plaintiff is entitled to costs, but in order to do so it must file an Application to Tax Costs with the Clerk's office. <u>See</u> Local Rule 54-2.

13